JAMES COYLE, ET AL. *v.* GEORGE TROUTMAN, ET AL.

**Trespass for Cutting Timber.**

> Where the title to land is involved in an action to enjoin one claimant from cutting timber thereon and title is traced by the plaintiff through a grant to his ancestor, and the defendant, claiming under a title bond from one not shown to have ever had title or possession, fails to show that he has for fifteen years before the commencement of the action had the actual adverse possession of .the land claiming to a defined boundary, including the land where the trespass was alleged to have been committed, must fail and such injunction will be granted against him.

APPEAL FROM NELSON CIRCUIT COURT.

April 8, 1884.

OPINION BY JUDGE LEWIS:

This is an action by appellees to enjoin appellants from cutting timber and trespassing upon a tract of land described in the petition.

The land upon which the alleged trespass was committed is within the boundary of two patents to William Kendall, one issued in 1788 for one thousand acres and the other issued in 1798 for four hundred fifty acres. It is also covered by a deed executed in 1829 by Hite Kendall and Jacob Kendall, attorneys in fact of William Kendall, to Ben Dover, and by a deed from Linthicum and Metcalf, assignees of W. H. Dover, made in 1861, to John Troutman, ancestor of appellees.

In respect to the title under which appellees claim, it was held by this court in an opinion rendered in 1864 in the case of *Troutman v. Gardner,* that "it having been more than thirty years since the sale of the land by Hite Kendall and Jacob Kendall it must be presumed that the legal title by proper deed was passed to the purchaser; that their deed signed as agents conferred an equity. It was also held that Ben Dover having devised the land to his sons, J. M. and W. H. Dover, who partitioned it, and William having subsequently conveyed his portion to Linthicum and Metcalf in trust to pay his creditors, their deed to Troutman, though not sufficient under Rev. Stat. 1860, ch. 80, § 24, to pass the legal title, created an equity, and the plaintiffs being possessed of the land before the defendants entered on it and having at least an equitable title

had the right to enjoin the defendants from committing irreparable damage."

Under the ruling of this court in that case appellees have the right to maintain this action, unless appellants have shown a superior title. The foundation of their claim is a title bond which they state was given by one John Allen many years ago to David Allen, their ancestor, by which he agreed to convey fifty acres of land, and that David Allen then took possession and he and those claiming under him have held it ever since. It does not appear that John Allen ever had any title to the land, or that either he or David Allen were ever in the actual possession of it. The title bond is not produced. It is not satisfactorily shown either that such description of the land was contained in the bond as would identify it, or that before the commencement of this action there was a marked, defined and known boundary as now claimed by appellants. The bond calls for fifty acres, but it turns out by a survey made since the commencement of this action that there is inside the boundary now claimed one hundred twenty-four acres.

It is true two of appellants occupy tenements on the land, but the evidence is contradictory as to the time the improvements were made, or under what claim they were made. But in the absence of proof that appellants or any of them have for fifteen years before the commencement of this action had the actual adverse possession of the land, claiming to a marked or defined boundary, including the land where the trespass was alleged to have been committed, it does not make any difference when or in what manner they got possession. as they must be confined to their actual inclosures as the record stands.

Judgment *affirmed.*

*J. W. Thomas,* for appellants.

*Wm. Johnson,* for appellees.